

**SO ORDERED.**

**SIGNED this 03 day of August, 2009.**

_____
ROBERT E. NUGENT
UNITED STATES CHIEF BANKRUPTCY JUDGE

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| IN RE:<br><br>RAINBOWS UNITED, INC.,<br><br>Debtor | Case No. 09-12457<br>Chapter 11<br><br>**FILED ELECTRONICALLY** |

**INTERIM ORDER UNDER 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) AND 364(e) AND FED. R. BANKR. P. 2002, 4001 AND 9014 (I) AUTHORIZING DEBTORS TO OBTAIN POSTPETITION FINANCING, (II) AUTHORIZING DEBTORS TO USE CASH COLLATERAL, (III) GRANTING ADEQUATE PROTECTION TO PREPETITION SECURED PARTIES AND (IV) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001(b), (c) AND (d)**

Upon the motion, dated July 30, 2009 (the "Motion") , of Rainbows United, Inc. ("Rainbows United, Inc.") as debtor and debtor-in-possession (collectively, the "Debtor") in the above-captioned case (the "Case") for interim and final orders under Sections 105, 361, 364(c)(2), 364(d)(1) and 364(e) of Title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq*. (as amended, the "Bankruptcy Code"), and Rules 2002, 4001 and 9014 of the Federal Rules of Bankruptcy Procedure (as amended, the "Bankruptcy Rules"), seeking:

In the United States Bankruptcy Court for the District of Kansas
In Re:   Rainbows United Inc.
         Case No. 09-12457-11
         Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 2

(1)     authorization for (a) Rainbows United, Inc (the "Borrower") to obtain up to $1,500,000 in principal amount of postpetition financing, with a sublimit for the issuance of letters of credit in the amount of $1,500,000 (the "DIP Financing"), all on the terms and conditions set forth in this Order and the term sheet attached hereto, dated as of July 29, 2009 (substantially in the form attached to this Order as Exhibit A, and as hereafter amended, supplemented or otherwise modified from time to time in accordance with the terms hereof and thereof, the "DIP Agreement"; together with all agreements, documents and instruments delivered in connection therewith, the "DIP Documents"), among the Borrower, Emprise Bank as secured loan participant together with Bank of America, NA and SNB of Wichita "The Post-Petition Lenders" or the "DIP Lenders", and (b) Rainbows United, Inc., Debtor in this case;

(2)     authorization for the Debtor to execute and deliver the DIP Agreement and the other DIP Documents and to perform such other and further acts as may be necessary or appropriate in connection therewith;

(3)     authorization for the Debtor to (a) provide adequate protection to the lenders collectively, the "Prepetition Lenders" (Emprise Bank, Bank of America, SNB of Wichita and Equity Bank NA), the "Prepetition Secured Parties" under the Prepetition Creditor Agreement, Construction Loan Agreement, dated as of February 26, 2008 (as heretofore amended, restated, modified or supplemented from time to time, the "PREPETITION Credit Agreement"; together with all other

In the United States Bankruptcy Court for the District of Kansas
In Re:   Rainbows United Inc.
         Case No. 09-12457-11
         Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 3

documentation executed and delivered in connection with any of the foregoing, the "Prepetition Loan Documents";

(4) to schedule, pursuant to Bankruptcy Rule 4001, an interim hearing (the "Interim Hearing") on the Motion to be held before this Court to consider entry of the proposed interim order annexed to the Motion (this "Order") (a) authorizing the Borrower, on an interim basis, to borrow under this Order and the DIP Agreement up to $1,500,000, (b) granting adequate protection to the Prepetition Secured Parties, (c) granting a first and second lien respectively on all real estate of the Debtor to secure the DIP Financing and the Prepetition Credit Agreement;

(5)   to schedule, pursuant to Bankruptcy Rule 4001, a final hearing (the "Final Hearing" for this Court to consider entry of a final order (the "Final Order") authorizing the Borrower on a final basis to obtain the DIP Financing and ratify the extension hereunder under the DIP Agreement, and authorizing and approving the relief requested in the Motion to become effective pursuant to the Final Order.

The Interim Hearing having been held by this Court on July 31, 2009 and upon the record of the Interim Hearing and after due deliberation and consideration and sufficient cause appearing therefore;

IT IS FOUND, DETERMINED, ORDERED AND ADJUDGED, that:

1.   *Disposition/Jurisdiction.* The Motion is granted in accordance with the terms of this Order. Any objections to the Motion with respect to the entry of this Order that have not been

In the United States Bankruptcy Court for the District of Kansas
In Re:   Rainbows United Inc.
         Case No. 09-12457-11
         Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 4

---

withdrawn, waived or settled, and all reservations of rights included therein, are hereby denied and overruled. This Court has core jurisdiction over the Cases commenced on July 30, 2009 (the "Petition Date"), this Motion, and the parties and property affected hereby pursuant to 28 U.S.C. §§ 157(b) and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief sought herein are sections 105, 361, 362, 363, 364, and 507 of the Bankruptcy Code and Bankruptcy Rules 4001(b), ( c) (d).

2.   *Notice.* Notice of the Motion, the relief requested therein and the Interim Hearing was served by the Debtor on their 20 largest unsecured creditors, Emprise Bank and the other Prepetition Secured Parties, Bank of America, the US Attorney for the District of Kansas on behalf of the Internal Revenue Service, SNB Bank of Wichita and Equity Bank as indenture trustee, all parties who have requested notice in this Case, and the United States Trustee for the District of Kansas. Under the circumstances, the notice given by the Debtor of the Motion, the relief requested therein and the Interim Hearing constitutes due and sufficient notice thereof, complies with Bankruptcy Rules 4001(b) and ( c), and no further notice of the relief sought at the Interim Hearing and the relief granted herein is necessary or required. Notice of this Order and Notice of Final Hearing shall, however, be given to the matrix.

3.   *Debtor's Stipulations.* Without prejudice to the rights of any other party the Debtor admits, stipulates, and agrees that:

In the United States Bankruptcy Court for the District of Kansas
In Re:   Rainbows United Inc.
         Case No. 09-12457-11
         Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 5

(a)   as of the Petition Date, the Debtor is the Borrower (as such terms are defined in the Prepetition Loan Documents) was justly and lawfully indebted and liable, without defense, counterclaim or offset of any kind, to the (I) the Prepetition Lenders (as defined in the Prepetition Credit Agreement) in the aggregate principal amount of approximately 2.3 million, plus accrued and unpaid interest thereon and costs and expenses including, without limitation, attorney's fees, agent's fees, other professional fees and disbursements and other obligations owing under the Prepetition Loan Documents ( collectively, the "Prepetition Indebtedness");

(b)   the Prepetition Indebtedness constitutes the legal, valid and binding obligations of the Debtor, enforceable in accordance with its terms, and no portion of the Prepetition Indebtedness or any payments made to the Prepetition Lenders or applied to the obligations owing under the Prepetition Loan Documents prior to the Petition Date is subject to avoidance, subordination, recharacterization, recovery, attack, offset, counterclaim, defense or Claim (as defined in the Bankruptcy Code) of any kind pursuant to the Bankruptcy Code or applicable nonbankruptcy law.

(c)   the Debtor hereby forever waives and releases any and all Claims (as defined in the Bankruptcy Code), counterclaims, causes of action, defenses or setoff rights against each of the Prepetition Lenders, whether arising at law or in equity, including any recharacterization, subordination, avoidance or other claim arising under or pursuant to section 105 or Chapter 5 of the Bankruptcy Code or under any other similar provisions of applicable state of federal law.

In the United States Bankruptcy Court for the District of Kansas
In Re: Rainbows United Inc.
Case No. 09-12457-11
Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 6

    4.    *Findings Regarding The DIP Financing.*

        (a)    Good cause has been shown for the entry of this Order.

        (b)    The Debtor has an immediate need to obtain the DIP Financing in order to, among other things, preserve the value of the Debtor's business, make payroll and satisfy other working capital and general corporate purposes of the Debtor. The Debtor's granting of the lien(s) upon its assets is necessary to ensure that the Debtor has sufficient working capital and liquidity to preserve and maintain the value of the Debtor's estate.

        (c)    The Debtor is unable to obtain financing on more favorable terms from sources other than the DIP Lenders pursuant to, and for the purposes, set forth in, the DIP Documents and are unable to obtain adequate unsecured credit allowable under section 503(b)(1) of the Bankruptcy Code for the purposes set forth in the DIP Documents without the Debtor granting the DIP Liens (as defined below) and the granting of mortgage liens to secure the prepetition credit agreement under the terms and conditions set forth in this Order and DIP Documents.

        (d)    The terms of the DIP Documents pursuant to this Order and the DIP Agreements are fair and reasonable, reflect the Debtor's exercise of prudent business judgment consistent with their fiduciary duties and constitute reasonably equivalent value and fair consideration.

        (e)    The DIP Documents and the granting of liens hereunder for all prepetition and postpetition loans have been the subject of extensive negotiations conducted in good faith and at

Case 09-12457    Doc# 40    Filed 08/03/09    Page 7 of 20

In the United States Bankruptcy Court for the District of Kansas
In Re:   Rainbows United Inc.
         Case No. 09-12457-11
         Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr.
         P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to
         Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a
         Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 7

arms-length among the Debtor, the DIP Lenders, and all of the Debtor's obligations and indebtedness arising under or in connection with the DIP Financing, shall be deemed to have been extended by the DIP Lenders and any such affiliates in "good faith", as such term is used in section 364(e) of the Bankruptcy Code, and in all express reliance upon the protections set forth therein, and shall be entitled to the full protection of section 364(e) of the Bankruptcy Code in the event that this Order or any provision hereof is vacated, reversed or modified, on appeal or otherwise.

(f)    The Debtor has requested entry of this Order pursuant to Bankruptcy Rules 4001(b)(2) and 4001(c)(2). Absent granting the interim relief sought by this Order, the Debtor's estate will be immediately and irreparably harmed. Consummation of the DIP Financing and the use of the Prepetition Collateral (including the Cash Collateral) in accordance with this Order and the DIP Documents are, therefore, in the best interests of the Debtor's estates.

5.    *Authorization of the DIP Financing the DIP Documents.*

(a)    The Debtor is hereby authorized to enter into the DIP Documents and, in the case of (A) the Borrower, to borrow thereunder up to an aggregate principal amount of $1,500,000.00 pending entry of the Final Order, all in accordance with the terms of this Order, the DIP Agreement and the other DIP Documents.

(b)    In furtherance of the foregoing and without further approval of this Court, the Debtor is authorized and directed to perform all acts and to execute and deliver all instruments and

In the United States Bankruptcy Court for the District of Kansas
In Re: Rainbows United Inc.
Case No. 09-12457-11
Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 8

documents that Emprise Bank determines to be reasonably required or necessary for the Debtor's performance of their obligations under the DIP Documents, including without limitation:

(i) the execution, delivery and performance of the DIP Documents;

(ii) the execution and delivery and performance of one or more amendments, waivers, consents or other modifications to and under the DIP Documents, in each case in such form as the Debtor, and the requisite DIP Lenders may agree, and no further approval of this Court shall be required for amendments, waivers, consents or other modifications to and under the DIP Documents (and any fees paid in connection therewith) not to exceed $15,000.

(iii) the performance of all other acts required under or in connection with the DIP Documents.

(c) Upon execution and deliver of the DIP Documents, the DIP Documents shall constitute valid and binding obligations of the Debtor, enforceable against the Debtor in accordance with the terms of this Order and the DIP Documents. No obligation, payment, transfer or grant of security under the DIP Documents or this Interim Order shall be stayed, restrained, voidable, avoidable or recoverable under the Bankruptcy Code or under any applicable nonbankruptcy law (including without limitation, under sections 502(d), 548 or 549 of the Bankruptcy Code or under any applicable state Uniform Fraudulent Transfer Act, Uniform Fraudulent Conveyance Act or similar statute or common law), or subject to any defense, reduction, setoff, recoupment or counterclaim.

In the United States Bankruptcy Court for the District of Kansas
In Re:   Rainbows United Inc.
         Case No. 09-12457-11
         Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 9

6.     *DIP Liens*.  As security for the DIP Obligations, effective and perfected upon the date of this Order and without the necessity of the execution by the Debtor (or recordation or other filing) of security agreements, mortgages or other similar documents, the following security interests and liens are hereby granted by the Debtor, for the benefit of the DIP Lenders, a first mortgage in the sum of a $1,500,000.00 lien in all real estate of the Debtor, to secure the DIP Financing together with a second mortgage lien in the amount of $2,363,740 in all real estate of the Debtor to secure the prepetition indebtedness of the Prepetition Secured Parties.  The parties acknowledge the Debtor has pledged pre-petition a depository account for the receipt of all pledges.  This pledge account shall continue post-petition and the Debtor shall enter into any necessary control accounts requested by Emprise Bank.  The proceeds of this pledge account shall be applied to the pre-petition indebtedness.

(a)     <u>First and Second Liens On Unencumbered Property</u>.  Pursuant to section 364(c)(2) of the Bankruptcy Code, Emprise Bank (for its own benefit and the benefit of the DIP Lenders) is hereby granted a valid, binding, continuing, enforceable, fully-perfected first priority mortgage lien on all real estate of the Debtor in the sum of $1,500,000.00 together with a second mortgage lien on the real estate of the Debtor to secure the debt represented by the Prepetition Credit Agreement in the amount of $2,363,740.

(b)     <u>Sale of Real Estate</u>.  In the event of any sale of real estate encumbered by the DIP Liens, <u>the Debtor will inform Emprise Bank of any sale negotiations and the Debtor must obtain Lender's approval of the price Emprise Bank will accept to release the DIP Liens (both first and</u>

In the United States Bankruptcy Court for the District of Kansas
In Re:   Rainbows United Inc.
         Case No. 09-12457-11
         Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr.
         P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to
         Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a
         Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 10

second mortgages) before the Debtor may sign a sales contract. All proceeds of the sale of any real estate encumbered by the DIP Liens (both first and second mortgages) shall be paid to Lender to be applied to the debt represented by the DIP Financing after payment of the normal and customary costs of sale. The payment of sale proceeds shall decrease any availability under the $1.5 million DIP Facility.

7.   *Remedies After Event of Default.* The automatic stay provisions of section 362 of the Bankruptcy Code are vacated and modified to the extent necessary to permit Emprise Bank to exercise: immediately upon the occurrence of an Event of Default (as defined in the DIP Agreement), all rights and remedies under the DIP Documents, other than those rights and remedies against the Collateral as provided in clause below, and upon the occurrence and during the continuance of an Event of Default, and the giving of five business days' prior written notice to the Debtor (with a copy to counsel for the Committee and to the United States Trustee for the District of Kansas, all rights and remedies against the Collateral provided for the DIP Documents and this Order (including, without limitation) shall cease. In any hearing regarding any exercise of rights or remedies, the only issue that may be raised by any party in opposition thereto shall be whether, in fact, an Event of Default has occurred and is continuing, and the Debtor hereby waives any right to seek relief, including without limitation, under section 105 of the Bankruptcy Code, to the extent such relief would in any way impair or restrict the rights and remedies of Emprise Bank as set forth in this Order or the DIP Documents.

In the United States Bankruptcy Court for the District of Kansas
In Re:   Rainbows United Inc.
         Case No. 09-12457-11
         Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 11

8. *Limitation on Charging Expenses Against Collateral.* Subject to and effective upon entry of the Final Order, except to the extent of the Carve Out, (a) no costs or expenses of administration of the Case or any future proceeding that may result therefrom, including liquidation in bankruptcy or other proceedings under the Bankruptcy Code, shall be charged against or recovered from the real estate pursuant to section 506(c) of the Bankruptcy Code or any similar principle of law, without the prior written consent of the Emprise Bank, as the case may be, (b) no such consent shall be implied from any other action, inaction, or acquiescence by Emprise Bank and ( c) nothing contained in this Order shall be deemed to be a consent to any charge, lien, assessment or claim against the Real Estate under section 506 (c) of the Bankruptcy Code or otherwise.

(a) <u>Adequate Protection Liens.</u> As adequate protection and additional consideration for the DIP Financing, Emprise Bank (for itself and for the benefit of the Prepetition Secured Parties) is hereby granted (effective and perfected upon the date of this Order and without the necessity of the execution by the Debtor of security agreements, pledge agreements, mortgages, financing statements or other agreements) a valid, perfected security interest in and mortgage lien on all Real Estate of the Debtor as a second subordinate mortgage lien in the approximate sum of $2,363,740 to secure the debt contained in the Prepetition Credit Agreement.

(b) <u>Fees and Expenses.</u> As additional adequate protection, subject to section 506 (b) of the Bankruptcy Code, the Debtor shall pay the reasonable professional fees and expenses

In the United States Bankruptcy Court for the District of Kansas
In Re:   Rainbows United Inc.
         Case No. 09-12457-11
         Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr.
         P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to
         Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a
         Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 12

(including, but not limited to, the fees and disbursements of counsel, for Emprise Bank, N.A. in the sum of $15,000 for services incurred in negotiating this loan and the creation of loan documents.

(c) *Information*. The Debtor shall promptly provide to Emprise Bank written financial information, periodic reporting or other information that is provided to, or required to be provided to, and such other reports, information and materials as reasonably requested.

9.    *Perfection of DIP Liens And Adequate Protection Liens.* Emprise Bank is hereby authorized, but not required, to file or record mortgages, notices of lien or similar instruments in any jurisdiction, in order to validate and perfect the liens and security interests granted to them hereunder. Whether or not Emprise Bank on behalf of the DIP Lenders, shall, in its sole discretion, chooses to file such financing statements, intellectual property filings, mortgages, notices of lien or similar instruments, take possession of or control over, or otherwise confirm perfection of the liens and security interests granted to them hereunder, such liens and security interests shall be deemed valid, perfected, allowed, enforceable, non-avoidable and not subject to challenge, dispute or subordination as of the date of entry of this Order. The Debtor shall execute and deliver to Emprise Bank all such agreements, financing statements, instruments and other documents as it may reasonably request to more fully evidence, confirm, validate, perfect, preserve and enforce the DIP Liens and the Adequate Protection Liens. All such documents will be deemed to have been recorded and filed as of the Petition Date.

10.   *Preservation Of Rights Granted Under The Order.*

Case 09-12457   Doc# 40   Filed 08/03/09   Page 13 of 20

In the United States Bankruptcy Court for the District of Kansas
In Re:   Rainbows United Inc.
         Case No. 09-12457-11
         Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr.
         P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to
         Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a
         Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 13

(a) If any or all of the provisions of this Order are hereafter reversed, modified, vacated or stayed, such reversal, stay, modification or vacatur shall not affect the validity, priority or enforceability of any DIP Obligations, DIP Liens or the Adequate Protection liens granted to secure the pre-petition indebtedness.

Emprise Bank shall be entitled to all of the rights, remedies, privileges and benefits granted in section 364(e) of the Bankruptcy Code, this Order and pursuant to the DIP Documents with respect to all uses of all DIP Obligations and all Adequate Protection Liens.

(b) Except as expressly provided in this Order or in the DIP documents, the DIP Liens, the Adequate Protection Liens and all other rights and remedies of Emprise Bank granted by the provision of this order and the DIP Documents shall survive, and shall not be modified, impaired or discharge by (I) the entry of an order converting any of the Cases to a case under Chapter 7 of the Bankruptcy Code, dismissing any of the Cases or by an other act or omission, or (ii) the entry of an order confirming a plan of reorganization in any of the Cases and, pursuant to section 1141(d)(4) of the Bankruptcy Code, the Debtor has waived any discharge as to any remaining DIP Obligations or Adequate Protection Claims. The terms and provisions of this Order and the DIP Documents shall continue in the Cases, in any successor cases if the Cases cease to be jointly administered, or in any superseding chapter 7 cases under the Bankruptcy Code, and the DIP Liens, the Adequate Protection Liens and all other rights and remedies of Emprise Bank granted by the provisions of this Order and

In the United States Bankruptcy Court for the District of Kansas
In Re:   Rainbows United Inc.
         Case No. 09-12457-11
         Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 14

---

the DIP Documents shall continue in full force and effect until all DIP Obligations and all Prepetition Indebtedness are indefeasibly paid in full in cash.

11. *Incorporation by Reference.* All terms and conditions of **Exhibit A**, the DIP Term Sheet, shall be incorporated by reference herein.

12. *Order Governs.* In the event of any inconsistency between the provisions of this Order and the DIP Documents, the provisions of this Order shall govern.

13. *Retention of Jurisdiction.* The Bankruptcy Court shall retain jurisdiction to enforce the provisions of this Order, and this retention of jurisdiction shall survive the confirmation and consummation of any chapter 11 plan for the Debtor notwithstanding the terms or provisions of any such chapter 11 plan or any order confirming any such chapter 11 plan.

14. *Binding Effect; Successors and Assigns.* The DIP Documents and the provisions of this Order, including all finding herein, shall be binding upon all parties in interest in the Case, including without limitation, Emprise Bank, any Committee, and the Debtor and their respective successors and assigns (including any chapter 7 or chapter 11 trustee hereinafter appointed or elected for the estate of the Debtor, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of the Debtor or with respect to the property of the estate of the Debtor) and shall inure to the benefit of Emprise Bank and the Debtor and their respective successors and assigns, provided that, Emprise Bank shall have no obligation to extend

In the United States Bankruptcy Court for the District of Kansas
In Re:  Rainbows United Inc.
         Case No. 09-12457-11
         Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 15

any financing to any chapter 7 trustee or similar responsible person appointed for the estate of the Debtor.

15.   *Limitation of Liability.*   The Debtor shall seek in the Final Order, in addition to the protections offered to Emprise Bank in this Order, the following provisions: "In determining to make any loan under the DIP Agreement, permitting the use of Cash Collateral or in exercising any rights or remedies as and when permitted pursuant to this Order or the DIP Documents, the Emprise Bank and the DIP Lenders and the Prepetition Secured Parties shall not (i) be deemed to be in "control" of the operations of the Debtor; (ii) owe any fiduciary duty to the Debtor, their respective creditors, shareholders or estates; and (iii) be deemed to be acting as a "Responsible Person" or "Owner" or "Operator" with respect to the operation or management of the Debtor (as such terms or similar terms are used in he United States Comprehensive Environmental Response, Compensation and Liability Act of 1980 or any similar federal or state statute)."

16.   *No Impact on Certain Contracts/Transactions.*   No rights of any entity in connection with a contract or transaction of the kind listed in sections 555, 556, 559, 560 and 561 of the Bankruptcy Code, whatever they might or might not be, are affected by the provisions of this Order.

17.   *Effectiveness.*   This Order shall constitute findings of fact and conclusions of law and shall take effect and be fully enforceable <u>nunc pro tunc</u> to the Petition Date immediately upon entry hereof. Notwithstanding Bankruptcy Rules 6004(h), 6006(d), 7062, or 9014 of the Bankruptcy Rules or any other Bankruptcy Rule or Rule 62(a) of the Federal Rules of Civil Procedure, this Order shall

In the United States Bankruptcy Court for the District of Kansas
In Re:   Rainbows United Inc.
         Case No. 09-12457-11
         Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 16

be immediately effective and enforceable upon its entry and there shall be no stay of execution or effectiveness of this Order.

   18.   *Headings.* Section headings used herein are for convenience only and are not to affect the construction of or to be taken into consideration in interpreting this Order.

   19.   *Requirement for Prompt Submission of Post-Petition Tax Returns and Prompt Payment of Post-Petition Taxes.* As a condition for entering into this order, the Court further orders the Debtor to timely complete all post-petition federal and state tax returns and to submit copies of those returns to:

> Marcie Hofmann
> Internal Revenue Service
> Office of Special Procedures
> 271 West 3rd North, Suite 3000
> Stop 5333 WIC
> Wichita, KS 67202-9821

All withholding and other federal taxes accruing during the pendency of this proceeding shall be paid by timely deposits remitted to the attention of Ms. Hofmann. In the event the Debtor is delinquent in the submission of post-petition tax returns or the payment of post-petition taxes, cause exists for the Internal Revenue Service to seek relief from stay under 11 U.S.C. §362 to proceed with all available remedies.

   20.   *Requirement for Prompt Submission of Prepetition, Past Due Tax Returns and for Full Cooperation with the Internal Revenue Service to Determine Amount Owed.* As a condition for entering into this order, the Court further orders the Debtor to promptly file any and all outstanding

In the United States Bankruptcy Court for the District of Kansas
In Re:   Rainbows United Inc.
         Case No. 09-12457-11
         Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr. P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 17

and past due federal tax returns and to cooperate fully with the Internal Revenue Service in determining the amount of outstanding federal tax debt.

21.   *Final Hearing.*  The Final Hearing is scheduled for **August 17, 2009, at 1:30 p.m.**, prevailing Central time, before this Court.

22.   The Debtor shall promptly mail copies of this Order (which shall constitute adequate notice of the Final Hearing, including without limitation) to the parties having been given notice of the Interim Hearing, and to any other party that has filed a request for notices with this Court and to any Committee after the same has been appointed, or Committee counsel, if the same shall have been appointed and to the general mailing matrix notifying all creditors and parties in interest.  Any party-in-interest objecting to the relief sought at the Final Hearing shall serve and file written objections; which objections shall be served upon (a) Redmond & Nazar, L.L.P., ATTN: Edward J. Nazar, Esq., 245 N. Waco, Suite 402, Wichita, Kansas 67202, Attorneys for Debtor;  (b) Morris, Laing, Evans, Brock & Kennedy, Chartered, ATTN: Karl R. Swartz, Esq., Old Town Square, 300 N. Mead, Suite 200, Wichita, KS, 67202-2745, Attorneys for Emprise Bank; and (c) the Office of the United State Trustee for the District of Kansas, and shall be filed with the Clerk of the United States Bankruptcy Court, District of Kansas, in each case to allow actual receipt by the foregoing no later than August 14, 2009, at 5:00 p.m., prevailing Central time.

IT IS SO ORDERED.

### #

In the United States Bankruptcy Court for the District of Kansas
In Re:   Rainbows United Inc.
         Case No. 09-12457-11
         Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr.
         P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to
         Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a
         Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 18

APPROVED BY:

REDMOND & NAZAR, L.L.P.


 /s/Edward J. Nazar
Edward J. Nazar, #09845
Attorney for Debtor
245 North Waco, Suite 402
Wichita, KS 67202-1117
316-262-8361 / 316-263-0610 fax
ebn1@redmondnazar.com



LANNY D. WELCH
United States Attorney


 /s/Brian Sheern
Brian Sheern, #21479
Assistant United States Attorney
1200 EPIC Center, 301 North Main
Wichita, KS 67202
316-269-6481 / 316-269-6484 fax
brian.sheern@usdoj.gov



MORRIS, LAING, EVANS, BROCK & KENNEDY, CHTD.


 /s/Karl R. Swartz
Karl R. Swartz, #12532
Attorney for Emprise Bank
300 North Mead, Suite 200
Wichita, KS 67202-2745
316-262-2671 / 316-262-6226 fax
kswartz@morrislaing.com

In the United States Bankruptcy Court for the District of Kansas
In Re:   Rainbows United Inc.
         Case No. 09-12457-11
         Interim Order Under 11 U.S.C §§ 105, 361, 362, 363(c), 364(c)(2), 364(d)(1) and 364(e) and Fed. R. Bankr.
         P. 2002, 4001 and 9014 (I) Authorizing Debtors to Obtain Postpetition Financing, (II) Authorizing Debtors to
         Use Cash Collateral, (III) Granting Adequate Protection to Prepetition Secured Parties and (IV) Scheduling a
         Final Hearing Pursuant to Bankruptcy Rules 4001(b), (c) and (d)
Page 19

## UNITED STATES TRUSTEE

/s/William Schantz
William Schantz, #12334
Attorney for United States Trustee
301 North Main, Suite 1150
Wichita, KS 67202
316-269-6214 / 316-269-6182 fax
william.schantz@usdoj.gov

# Rainbows United, Inc.

## DIP Financing Term Sheet

| | | |
|---|---|---|
| New Loan: | Amount: | $1,500,000 (revolving line of credit) |
| | Interest Rate: | 5.0% per annum |
| | Maturity: | August 3, 2010 |
| | Payments: | Monthly interest only<br>Balance due at maturity |
| | Collateral: | 1st Mortgage on All Real Estate of Debtor<br>Free and Clear of Other Liens<br><br>320 S. Broadway<br>340 S. Broadway<br>251 S. Whittier Road<br>2258 N. Lakeway<br>Lot 1, Block A, Koch Community Park |
| | Other Terms: | Loan title policy<br>Casualty insurance on improvements<br>Proceeds from sale of collateral applied to loan & credit availability reduced |
| Existing Loan: | Amount: | $2,326,167.22 |
| | Interest Rate: | 5.75% (current contract rate) |
| | Maturity: | August 3, 2010 |
| | Payments: | Quarterly interest only, per loan documents<br>Balance due at maturity |
| | Collateral: | 2nd Mortgage on All Real Estate (see above) |
| | Other Terms: | All pledge receipts applied to principal<br>Interest paid current at closing of New Loan<br>Loan title policy<br>Casualty insurance on improvements<br>Proceeds from sale of collateral applied to loan |