REDMOND & NAZAR, L.L.P.
245 North Waco, Suite 402
Wichita, Kansas 67202
316-262-8361

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

IN RE:                                    )
                                          )
RAINBOWS UNITED, INC.                     )          Case No. 09-12457
                                          )          Chapter 11
_____Debtor-in-Possession_____)

## DEBTOR'S REORGANIZATION PLAN
## DATED JANUARY 29, 2010

The Debtor in the above-referenced administered case proposes the following

Reorganization Plan dated January 29, 2009, pursuant to 11 U.S.C. §1121(a).  The Debtor

has remained in possession, no trustee has been appointed.

## ARTICLE I
## SUMMARY OF REORGANIZATION PLAN

The Debtor is a key provider in South Central Kansas in early childhood

development, including on-site educational child care, both for typically developing children

and children with special needs. It is on the leading edge of implementing the latest, most

effective therapies for children with autism spectrum disorders. The services provided

include:

> (a)    <u>Targeted Case Management</u>.   Providing personal assistance in
>
> finding and securing the programs services and financial aid.

> (b)    <u>Early Prevention for Infants & Toddlers/tiny-k</u>.  Helping very young
>
> children with development delays play, share, learn and grow.

plan.v6

(c)     <u>Mental Health Services</u>.

(d)     <u>Autism Spectrum Disorder</u>. Helping families discover and understand the uniqueness, the potential and the abilities of children with autism.

(e)     <u>Smart Start of Butler County</u>. Working together for affordable, quality child care, education and early childhood wellness.

(f)     <u>Educational and Child Care</u>. Helping children learn and grow through trusted child care services and progressive early childhood education.

(g)     <u>Community Based Education/Training (CBETS)</u>. Equipping preschool children to acquire the skills necessary to succeed in kindergarten.

(h)     <u>Specialized Foster Care</u>. Connecting children with secure, nurturing families who support their temporary or long-term needs.

(i)     <u>Family Support Services, Respite and Camp Woodchuck</u>. Encouraging children to be children in fun and safe environments.

(j)     <u>Assessments</u>. Trained early interventionists conduct Brazelton Assessments on newborns to identify how the infant responds to and interacts with his/her new environment in areas of sight, sound, light, touch, breathing, hearing and more.

The Reorganization Plan provides for the long-term amortization of debt with Emprise Bank and its Loan Participants on approximately $2,850,000.00 of indebtedness (the pre-petition secured loan indebtedness to Emprise Bank and its Loan Participants in the sum of $2,359,771.96 (Claim #6), together with its post-petition loan advance under

plan.v6

11 U.S.C. §364 in the sum of $1,500,000.00 [Docket #40], less the Proceeds of sale from the sale of real property at 340 South Broadway, Wichita, Kansas as approved by the Court [Docket #216] and the sale of 251 South Whittier.) The Debtor proposes to amortize this indebtedness over a period of thirty (30) years, with principal and interest payments commencing March 1, 2010 or upon the Effective Date of the Plan, whichever is later.  In the event the Debtor should sell any property secured to Emprise Bank and its Loan Participants, the real property at 3323 North Oliver, 2258 North Lakeway Circle, or 251 South Whitter, the Proceeds will be used to reduce the indebtedness due Emprise Bank and its Loan Participants.  The application of the Secured Creditor Proceeds will create a reamortization of debt for the remaining term of the loan with interest at the Wall Street Journal Prime Rate, plus one percent (1%), with a minimum or floor rate of five percent (5%).

The Debtor further proposes to pay its priority wage and employee expense reimbursements within six (6) months of the Effective Date, its priority tax obligations within five (5) years of the Effective Date of the Plan and its allowed Administrative Claims on or before the Effective Date of the Plan.

The Debtor proposes to pay its remaining Claims to the allowed Unsecured Claims over an eight (8) year amortization period, with monthly payments commencing thirty (30) days after the Effective Date of the Plan.  The Debtor proposes to pay the Allowed Claims of Unsecured Creditors in full.  No interest shall be paid on such Claims.

Due to the fact that this is a full payment Plan, the Debtor has not undertaken an

plan.v6

analysis of any preference actions or Causes of Action that could be asserted under 11 U.S.C. §544, 11 U.S.C. §546, 11 U.S.C. §547 and 11 U.S.C. §548 and waives such Causes of Action as a provision of this Plan.

Upon confirmation of the Debtor's Plan, all tangible assets will be revested in the Reorganized Debtor, free and clear of all liens and encumbrances and subject only to the mortgage liens of Emprise Bank and its Loan Participants.

The Reorganized Debtor reserves the right to sell any of its real property assets and apply the Proceeds of sale to the Emprise Bank and its Loan Participants indebtedness.

The Debtor has determined that there are various unsecured tangible assets, including furniture, fixtures, equipment and motor vehicles.  Due to the fact that the Debtor is proposing a one hundred percent (100%) payment to its Creditors, no detailed liquidation analysis has been made.

The Claim Bar Date for submission of Claims was November 23, 2009.  A total of fifty-four (54) Claims were filed in the case, including the priority claims of the Internal Revenue Service, the Kansas Department of Revenue and South Central Kansas Education Service Center ("South Central"), as more fully set forth in the Debtor's Disclosure Statement.

The Debtor has also scheduled a large number of Unsecured Creditors in its bankruptcy schedules and various amendments. The Debtor has obtained orders of the Court allowing satisfaction of a portion of the Claims in the ordinary course.  The status of the claims is set forth below, including a partial reconciliation of Claims allowance or

plan.v6

objection:

| Name | Scheduled Amount | Paid or Unpaid or Additional Sums Claimed Due | Amount Due, Allowed, Objected or Subject to Verification |
|---|---|---|---|
| Adaptiemall.com, LLC | $2,947.00 | Paid | $0.00 |
| ADT Security Services, Inc. | $151.00 | Paid | $0.00 |
| Advacare Medical Corp | $4,825.00 | Paid | $0.00 |
| Advance Insurance Company | $6,933.00 | Paid | $0.00 |
| Advocate Care Services, Inc. | $2,717.00 | Paid | $0.00 |
| Aimee VanWinkle | $245.00 | Paid | $0.00 |
| AIU Holdings | $5,895.00 | Paid | $0.00 |
| Allen Gibbs & Houlik, LC | $5,398.00 | Unpaid | Claim #40 $5,398.18 Allow $5,398.18 |
| Alltel | $3,034.00 | Paid | $0.00 |
| American Electric Company | $52.00 | Unpaid, plus additional charges due | Claim #26 $830.68 Allow $830.68 |
| Ampco System Parking | $525.00 | Unpaid | Allow $525.00 |
| Amy Finley | $230.00 | Paid | $0.00 |
| Angela Henderson | $353.00 | Paid | $0.00 |
| Angie Elam | $992.00 | Paid | $0.00 |

plan.v6

| | | | |
|---|---|---|---|
| Aquarium in Old Town, Inc. | $109.00 | Unpaid | Allow $109.00 |
| AT&T | $84.00 | Paid | $0.00 |
| AT&T Advertising & Publishing | $569.00 | Unpaid | Allow $569.96 |
| Barrett DeBusk | $310.00 | Unpaid | Allow $310.00 |
| Batteries Plus | $748.00 | Unpaid | Allow $747.91 |
| Benith MacPherson | $1,231.00 | Unpaid | Allow $1,231.00 Object to Claim #55 in the amount of $2,913.00 |
| Birch Communications | $690.00 | Paid | $0.00 |
| Black Hills Energy | $123.00 | Paid | $0.00 |
| Blue Cross Blue Shield of KS | $72,138.00 | Paid | $0.00 |
| Board Source | $99.00 | Unpaid | Allow $99.00 |
| Bobby L. Robinson | $405.00 | Paid | $0.00 |
| Brian/Tabitha Johnson | $36.00 | Paid | $0.00 |
| Butler & Associates, PA | $42.00 | Paid | $0.00 |
| Butler County Special Education | $17,486.00 | Paid | Claim #24 Paid Object to Claim |
| Calvin Dean Homolka II | $120.00 | Paid | $0.00 |
| Cascade DAFO Inc. | $120.00 | Paid | $0.00 |

plan.v6

| | | | |
|---|---|---|---|
| Chartis US | Unscheduled | Unpaid | Claim #49 Object to as contingent, unliquidated. Liquidated amount due is $0.00 |
| Child Start, Inc. | $35,230.00 | Paid | $0.00 |
| Christi and/or Clay Rothwell | $114.00 | Paid | $0.00 |
| City of Wichita Water/Sewer | $2,710.00 | Paid | $0.00 |
| Colonial Supplemental Ins. Co. | $131.00 | Paid | $0.00 |
| Communities in Schools | $9,110.00 | Paid | $0.00 |
| Contract Furnishings Wichita | $3,473.00 | Unpaid | Claim #45 $3,473.00 Allow $3,473.00 |
| Countryside Lawn & Treecare | $7,193.00 | Unpaid | Claim #39 $6,902.41 Allow $6,902.41 |
| Cox Communications KS | $5,476.00 | Paid | Claim #48 Object to as paid |
| Custom Concepts, LLC | $2,445.00 | Unpaid | Allow $2,445.73 |
| Dawn Schneider | $61.00 | Paid | $0.00 |
| Delta Dental Plan of KS, Inc. | $8,080.00 | Paid | Claim #1 Object claim satisfied |

plan.v6

| | | | |
|---|---|---|---|
| Docuplex Graphics | $10,354.00 | Unpaid | Claim #2 $20,037.84 Allow $20,037.84 |
| EH Technical Solutions | $4,621.00 | Unpaid | Allow $4,621.00 |
| El Dorado Chamber of Commerce | $100.00 | Unpaid | Allow $0.00 |
| EMPAC, Inc. | $2,005.00 | Paid | $0.00 |
| Emprise Bank | $2,363,470.00 | Partial payment made | Claim #6 $2,359,771.96 Allow $2,326,167.00 as secured claim |
| Erin Crabtree | $115.00 | Paid | $0.00 |
| Extra Space Storage of Wichita | $137.00 | Paid | $0.00 |
| Fahnestock Heating & Air | $67.00 | Unpaid | Allow $67.00 |
| FedEx | $39.00 | Paid | $0.00 |
| Fonda Barr | $391.00 | Paid | $0.00 |
| For the Families, LLC | $65.00 | Unpaid | Allow $65.00 |
| Foulston Siefkin, LLP | $2,407.00 | Unpaid | Allow $2,407.00 |
| Futures Unlimited, Inc. | $1,178.00 | Paid | $0.00 |
| George Bowerman & Noel, PA | $4,425.00 | Forgiven | $0.00 |
| GN Otometrics North America | $7,229.00 | Paid | $0.00 |

plan.v6

| | | | |
|---|---|---|---|
| Good Samaritan Health Ministries | $1,250.00 | Paid | Claim #13 Object to as paid |
| Gordon N. Stowe & Associates | $220.00 | Paid | $0.00 |
| Gorges & Company | $3,994.00 | Lease obligations for 2 automobiles | Claim #19 $36,483.81 Allow The debtor rejected one lease, assumed the other and is current on the assumed lease obligation. Claim #20 $30,294.44 Claim amount on lease deficiency payment subject to verification |
| Gossen Livingston Associates | $50.00 | Unpaid | Allow $50.00 |
| Greater Wichita YMCA | $27,982.00 | Paid | $0.00 |
| HealthTec Software, Inc. | $2,132.00 | Paid | $0.00 |
| Home Depot Credit Svs | $22.00 | Unpaid | Allow $135.15 |
| Huntley's Dairy Service | $2,084.00 | Paid | $0.00 |
| Image Quest | $2,484.00 | Paid | $0.00 |

plan.v6

| | | | |
|---|---|---|---|
| Image Quest, Inc. | $17,196.00 | Lease payments paid for 3 Canon ir 3045 copiers. | Allow $17,196.00 as Class 2 Lease assumed, 3 copiers rejected as to remainder. Debtor objects to Claim #31 in the amount of $31,210.34, the remaining amount due subject to verification |
| Image Quest, Inc. | $624.00 | Paid | Claim #34 Object to as paid |
| Institute of Supply Mgmt. | $170.00 | Unpaid | Allow $170.00 |
| Interhab | $4,449.00 | Unpaid | Allow $4,449.63 |
| Intrust Bank, NA | $4,342.00 | Paid | $0.00 |
| Intrust Card Center | $8,029.00 | Unpaid | Claim #53 $11,885.52 Allow $11,885.52 |
| IVCI, LLC | $19,479.00 | Paid | $0.00 |
| Jennifer Shain | $665.00 | Paid | $0.00 |
| Jessica Lies | $43.00 | Paid | $0.00 |
| Jessica Moreno | $127.00 | Paid | $0.00 |

plan.v6

| | | | |
|---|---|---|---|
| Jimmy Johns | $75.00 | Unpaid | Allow $75.44 |
| KACCRRA | $45,801.00 | Paid | Claim #18 Paid claim amount $80,385.51 Object to claim |
| Kansas Gas Service | $200.00 | Paid | Claim #37 Object to as paid |
| Kansas Payment Center | $239.00 | Paid | $0.00 |
| Kansas Truck & Equipment Company, Inc. | Unscheduled | Unpaid | Claim #16 Allow $1,155.65 |
| Kansas Turnpike Authority | $114.00 | Unpaid | Claim #8 $156.54 Allow $156.54 |
| Kansas University Medical Center | $14,305.00 | Paid | $0.00 |
| Katy Tra | $40.00 | Paid | $0.00 |
| Kaye Products, Inc. | $103.00 | Paid | $0.00 |
| Kristine Cooley | $66.00 | Paid | $0.00 |
| Kroger Dillon Customer Charges | $409.00 | Paid | $0.00 |
| Kronos | $5,617.00 | Adjusted | $0.00 |
| KSCW | $80.00 | Unpaid | Allow $80.00 |
| KWCH | $270.00 | Unpaid | Allow $270.00 |
| Lakeshore Learning Materials | $378.00 | Unpaid | Allow $378.74 |

plan.v6

| | | | |
|---|---|---|---|
| LaShawn Barber | $1,092.00 | Paid | $0.00 |
| Laurie B. Williams, Trustee | $345.00 | Paid | $0.00 |
| Leidy Plumbing & Heating Co. | $918.00 | Unpaid | Allow $918.31 |
| Levihen, LLC | $941.00 | Paid | $0.00 |
| Lisa Schulte | $1,300.00 | Paid | $0.00 |
| Little Friends Center for Autism | $160.00 | Paid | $0.00 |
| Lowes Companies, Inc. | $502.00 | Unpaid | Allow $502.00 |
| LRP Publications | $212.00 | Adjusted | $0.00 |
| Maria de la Luz Mejia | $185.00 | Paid | $0.00 |
| Maria E. Hatchett | $1,257.00 | Paid | $0.00 |
| Maria E. Hatchett | $627.00 | Adjusted | $0.00 |
| Marisela Vaquera | $771.00 | Paid | $0.00 |
| Allison Martin | $1,638.00 | Paid | $0.00 |
| Mental Health Assn of South Central Kansas | $9,254.00 | Paid | $0.00 |
| Mid-KS Community Action | $2,654.00 | Paid | $0.00 |
| Miracle Recreation Equipment | $1,837.00 | Unpaid | Allow $1,837.00 |
| Models and Images | $2,080.00 | Unpaid | Allow $2,080.00 |
| Molly Rainey | $86.00 | Paid | $0.00 |
| Natalie Barnes | $837.00 | Paid | $0.00 |
| NCO Financial Systems, Inc. | $114.00 | Paid | $0.00 |
| Oaktree Products, Inc. | $31.00 | Paid | $0.00 |

plan.v6

| | | | |
|---|---|---|---|
| Office Depot Credit Plan | $1,406.00 | Unpaid | Claim #9<br>$7,311.68<br>Allow<br>$7,239.51 |
| Office Equipment Finance Svs | $2,526.00 | Paid | $0.00 |
| Office Installation Co. | $783.00 | Unpaid | Allow<br>$783.24 |
| Office Max | $1,422.00 | Unpaid | Claim #4<br>$1,815.22<br>Allow<br>$1,815.22 |
| Pearson Business Services, Inc. | Unscheduled | Unpaid | Claim #32<br>Allow<br>$923.90 |
| Philadelphia Insurance Co. | $9,863.00 | Paid | $0.00 |
| Plak Smacker | $43.00 | Unpaid | Allow<br>$43.83 |
| PMA/Wichita OB/GYN Assoc. | $457.00 | Paid | $0.00 |
| Prairie Fire Coffee | $218.00 | Unpaid | Allow<br>$217.88 |
| Promo Depot, Inc. | $2,339.00 | Unpaid | Claim #38<br>$2,371.64<br>Allow<br>$2,371.64 |
| Provident Life & Accident Insurance Co. | $64.00 | Paid | $0.00 |
| Quill Corporation | $1,108.00 | Unpaid | Claim #52<br>$2,235.81<br>Allow<br>$2,235.81 |
| Rebecca McBroom | $270.00 | Paid | $0.00 |

plan.v6

| | | | |
|---|---|---|---|
| Ronald McDonald House | Unscheduled | Unpaid | Claim #14 in amount of $1,500.00 Subject to verification |
| Rusty Eck Ford - Quick Lane | $79.00 | Unpaid | Allow $79.00 |
| Sam's Club Direct | $6,507.00 | Paid | $0.00 |
| Savory Bites | $403.00 | Paid | $0.00 |
| Schmidt Mobile Power Wash | $320.00 | Unpaid | Allow $320.00 |
| School Specialty, Inc. | $229.00 | Unpaid | Allow $229.64 |
| SCKESC | $433,018.00 | Paid $150,000.00 | Claim #43 $501,630.18 Subject to verification |
| Sedgwick County Treasurer | $107.00 | Paid | $0.00 |
| Shawna Hinkle | $644.00 | Paid | $0.00 |
| Shields Electricon, Inc. | $948.00 | Unpaid | Allow $948.00 |
| Southwest Paper | $1,934.00 | Unpaid | Claim #23 $3,487.20 Allow $3,487.20 |
| Sumner Mental Health Center | $5,315.00 | Paid | $0.00 |
| Superior Computer Supply | $975.00 | Unpaid | Allow $975.02 |
| Target Bank | $547.00 | Unpaid | Allow $547.96 |

plan.v6

| | | | |
|---|---|---|---|
| Target Bank | $869.00 | Unpaid | Allow $869.98 |
| Terry Morrow | $2,565.00 | Paid | $0.00 |
| The ARC of Sedgwick County | $360.00 | Paid | $0.00 |
| The Arnold Group | $344.00 | Unpaid | Claim #35 $4,121.46 Allow $4,121.46 |
| The Opportunity Project Charitable Trust | $490.00 | Paid | $0.00 |
| The Waldinger Corporation | $270.00 | Unpaid | Claim #17 $270.00 Allow $270.00 |
| UKSM-W Medical Practice Assn | $780.00 | Unpaid | Claim #33 $1,170.30 Allow $780.20 |
| United Way of the Plains | $10,052.00 | Paid | $0.00 |
| Unum Provident Life & Accident Insurance Co. | $554.00 | Paid | $0.00 |
| USD 259 | $163,000.00 | Unpaid | Claim #21 $162,958.00 Claim #30 $58,953.00 Subject to verification |
| Wal-Mart Community BRC | $7,593.00 | Unpaid | Allow $7,592.65 |
| Waste Management of Wichita | $953.00 | Paid | $0.00 |
| Wesley Medical Center, LLC | $1,541.00 | Paid | $0.00 |

plan.v6

| | | | |
|---|---|---|---|
| Westar Energy | $9,517.00 | Unpaid | Claim #22 $15,345.79 Allow $9,517.72 |
| Wichita Child Guidance Center | $10,180.00 | Paid | $0.00 |
| Wichita Children's Home | $37,284.00 | Unpaid | Claim #15 $46,968.67 Allow $49,968.67 |
| Wichita Country Club Association | Unscheduled | Unpaid | Claim #12 Allow $20,030.36 |
| Wichita State University | $27,765.00 | Paid | Claim #44 Object to as paid |
| Wilson Darnell Mann PA | $2,332.00 | Unpaid | Claim #29 $2,364.69 Allow $2,332.22 |
| Wright Express | $3,952.00 | Unpaid | Claim #50 $4,355.83 Allow $4,355.83 |
| Yellow Book - West | $748.00 | Unpaid | Claim #7 $6,118.94 Allow $3,375.32 Claim #37 object to as duplicate |
| **Total** | $3,541,787.00 | | $2,579,262.76 |

Subsequent to the filing of the initial bankruptcy schedules, the Debtor filed a series

plan.v6

of amendments adding additional creditors.  These additional amendments are as follows:

| Name | Original Scheduled Amount | Subsequent Status | Amount Due |
|---|---|---|---|
| Lifesaver Learning, Inc. | $300.00 | Unpaid | Claim #47 Allow $300.00 |
| Don Hattan Chevrolet | $661.72 | Unpaid | Allow $661.72 |
| Discount School Supply | $586.25 | Unpaid | Claim #41 Allow $586.25 |
| R-Quip Equipment Rental | $2,043.02 | Unpaid | Allow $2,043.02 |
| Aubrey Banks | Unknown | Paid | $0.00 |
| Denise Colvard-Shaffer | Unknown | Paid | $0.00 |
| Lori Fink | Unknown | Paid | $0.00 |
| Linda R. Moore | Unknown | Paid | $0.00 |
| Terri Speckhardt | Unknown | Paid | $0.00 |
| Linda Stepp | Unknown | Paid | $0.00 |
| Kansas Department of SRS | Unknown | Unpaid | No claim filed does not participate |
| InterLinqual Services, Inc. | Unknown | Paid | $0.00 |
| International Translations Svs | Unknown | Unpaid | Allow $240.00 |

plan.v6

| | | | |
|---|---|---|---|
| Sign Language Interpreting Svs | Unknown | Unpaid | Claim #25 Allow $40.50 |
| Underground Vaults & Storage | Unknown | Paid | Claim #27 95.95 Allow $0.00 |
| Unemployment Services Trust | Unknown | Unpaid | No claim filed does not participate |
| Audra L. Kenneson | Unknown | Paid | $0.00 |
| Sara Goff | Unknown | Paid | $0.00 |
| Tammy Brown | Unknown | Paid | $0.00 |
| Pam Jones | Unknown | Paid | $0.00 |
| Angela Bowen | Unknown | Unpaid | No claim filed does not participate |
| Kathy Van Zelfden | Unknown | Unpaid | No claim filed does not participate |
| Matrix Media, Inc. dba Wichita Times | $3,075.00 | Unpaid | Claim #54 Object to as late filed claim |
| Valerie Diane Greenleaf | Unknown | Paid | $0.00 |
| ADT | Unknown | Paid | $0.00 |
| Alltel | Unknown | Paid | $0.00 |

plan.v6

In the United States Bankruptcy Court for the District of Kansas
IN RE: Rainbows United, Inc.
      Bankruptcy Case No. 09-12457-11
      Debtor's Reorganization Plan Dated January 29, 2010
Page 19

| | | | |
|---|---|---|---|
| AT&T Yellow Pages | Unknown | | No claim filed does not participate |
| Business Protection Equip Corp | Unknown | | No claim filed does not participate |
| Catholic Charities, Inc. | Unknown | Paid | $0.00 |
| Church of the Cross | Unknown | | No claim filed does not participate |
| CIRUS Water Company | Unknown | Unpaid | Allow $602.00 |
| Coffee Time | Unknown | | No claim filed does not participate |
| Cox Business | Unknown | | No claim filed does not participate |
| Ecolab | Unknown | Unpaid | Claim #36 Allow $752.34 |
| Gary Ruedebusch Inc. | Unknown | | No claim filed does not participate |

plan.v6

| | | | |
|---|---|---|---|
| Jae A. Pierce-Baba | Unknown | | No claim filed does not participate |
| KONE, Inc. | Unknown | Unpaid | Claim #58 Allow $328.32 |
| Pitney Bowes | Unknown | Paid | $0.00 |
| Verizon | Unknown | | No claim filed does not participate |
| Via Christi Therapy | Unknown | Unpaid | Claim #46 Allow $2,842.50 |
| Waldinger Corporation | Unknown | Unpaid | Claim #17 Allow $270.00 Claim #42 Object to as duplicate |
| Waste Management | Unknown | Paid | $0.00 |
| WSU Center for Research & Evaluation | Unknown | | No claim filed does not participate |
| WSU Dept of Psychology | Unknown | | No claim filed does not participate |

plan.v6

| | | | |
|---|---|---|---|
| YMCA | Unknown | | No claim filed does not participate |
| Kansas Dept of Health & Environment | Unknown | | No claim filed does not participate |
| Kansas Dept of Education | Unknown | | No claim filed does not participate |
| Child Start Early Childhood Prog | Unknown | | No claim filed does not participate |
| Dept of Aging Physical Disabilities Services | Unknown | | No claim filed does not participate |
| Justice Juvenile Authority | Unknown | Unpaid | Claim #51 $16,774.00 Object claim is contingent in part Allow $2,925.00 |
| Childrens Developmental Svs | Unknown | | No claim filed does not participate |
| Sedgwick County Developmental Disability Org | Unknown | | No claim filed does not participate |

plan.v6

| | | | |
|---|---|---|---|
| Futures Unlimited Inc. | Unknown | Paid | $0.00 |
| USD 259 | $163,000.00 | Unpaid | Claim #21 $162,958.00 Claim #30 $58,953.00 Subject to verification |
| Kansas Children Cabinet & Trust Fund | Unknown | | No claim filed does not participate |
| United Methodist Health Ministry | Unknown | | No claim filed does not participate |
| Truffles Catering | $144.60 | Unpaid | Allow $144.60 |
| LaFarge North America, Inc. | $50,897.70 | Unpaid | Claim #5 $50,897.70 Allow $50,897.70 |
| **Total** | $57,708.29 | | $62,131.95 |

To the extent that any Creditor has filed a proof of claim that may differ from the liquidated amount shown in the Debtor's schedules, the Debtor reserves the right to object to the Claim accordingly. Any Creditor shown with an unknown amount who has not filed a proof of claim shall not participate as an Unsecured Creditor, nor receive any distribution. The Claim of Emprise Bank, filed as an Unsecured Creditor, was subsequently allowed as a Secured Claim pursuant to order(s) of the Bankruptcy Court.

plan.v6

In the United States Bankruptcy Court for the District of Kansas
IN RE: Rainbows United, Inc.
      Bankruptcy Case No. 09-12457-11
      Debtor's Reorganization Plan Dated January 29, 2010
Page 23

## ARTICLE II
## DEFINITIONS

As used in this Reorganization Plan and the accompanying Disclosure Statement, the following terms shall have the respective meanings set forth below. Unless otherwise defined, the terms used in this Reorganization Plan shall have the same meaning ascribed thereto in the Bankruptcy Code and the Bankruptcy Rules. The following definitions of terms shall also apply to these terms as utilized in the Disclosure Statement. The various headings of this Reorganization Plan are inserted for convenience only and shall not affect the meaning or interpretation of this Reorganization Plan or any provision thereof.

2.1   <u>Administrative Claim:</u>  Any Claim for payment of any cost or expense of administration of the Chapter 11 Case, which is approved by the Court and entitled to priority in accordance with §§503(b) and 507(a)(1) of the Bankruptcy Code, including without limitation any actual and necessary expenses of preserving the Estate and operating the business from and after the Petition Date to and including the Confirmation Date (other than such Claims or portions thereof which, by their express terms, are not due or payable by the Distribution Date) and all allowances of compensation and reimbursement approved by the Court in accordance with the Bankruptcy Code, and any fees or charges assessed against the Debtor's Estate under Chapter 123 of Title 28, United States Code.

2.2   <u>Allowed Claim:</u> Any Claim (a) based on an Application of a professional person to the extent such Application is approved by Final Order; (b) allowed under this

plan.v6

Reorganization Plan; or (c) proof of which was either timely or properly filed, deemed filed under applicable law or by reason of the Order of the Court or, if no Proof of Claim was filed or Order entered, which has been or hereafter is listed by the Debtor in its respective schedules filed under §521(1) of the Bankruptcy Code as liquidated in the amount and not disputed or contingent, provided that a timely Proof of Claim shall supercede any scheduling of such Claim, and, a Claim as to which (i) no objection to the allowance thereof has been timely filed on or before the Distribution Date or such other applicable period of limitation fixed by the Bankruptcy Code or by an Order of the Court, or (ii) any objection has been withdrawn pursuant to the provisions of this Plan or has been overruled by a Final Order of the Court.

2.3    Bankruptcy Code: The Bankruptcy Reform Act of 1978, as amended, and as applicable to the Chapter 11 Case, §101 et seq., Title 11, United States Code.

2.4    Bankruptcy Rules: The rules of procedure applicable to cases or proceedings pending before the Court, now existing or as hereafter amended.

2.5    Bankruptcy Court:  The Bankruptcy Court for the District of Kansas in which the Debtor's Chapter 11 case, pursuant to which this Reorganization Plan is proposed, is pending and including the United States Bankruptcy Judge sitting in this case.

2.6    Cash:  Cash or cash equivalents.

2.7    Causes of Action:  All accounts, contract rights, general intangibles, Causes of

plan.v6

Action, rights, Claims, and Causes of Action of any kind held by the Debtor, whether or not these Causes of Action are the subject of presently pending judgments, adversary proceedings, or appeals, including without limitation, all (a) causes in action belonging to the Debtor as of the respective Petition Date, (b) causes in action belonging to the Debtor which arose between the Petition Date and the Effective Date, and (c) rights belonging to the Debtor pursuant to §§363(n), 506, 510, 544, 545, 547, 548, 549, 550 or 553 of the Bankruptcy Code.

2.8    <u>Claim:</u>  Shall have the meaning as set forth in 11 U.S.C. §101 and includes any right to payment, or right to an equitable remedy for breach of performance, if such breach gives rise to right to payment, against the Debtor in existence on or as of the Petition Date, whether or not such right to payment or right to an equitable remedy is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2.9    <u>Class:</u>  Any Class into which Allowed Claims or allowed interests are classified pursuant to this Plan.

2.10   <u>Commencement</u>: The Effective Date.

2.11   <u>Company:</u> Rainbows United, Inc., a Kansas not-for-profit corporation.

2.12   <u>Confirmation Date:</u>   The date of entry of an Order of the Bankruptcy Court confirming the Reorganization Plan in accordance with provisions of Chapter 11 of the Bankruptcy Code, provided, however, that if on Motion, the Confirmation Order

plan.v6

or consummation of the Reorganization Plan is stayed pending appeal, then the Confirmation Date shall be the date of entry of the Final Order vacating such stay or the date on which such stay expires or is no longer in effect.

2.13   Confirmation Order:   Order of the Court confirming the Reorganization Plan and approving the transactions contemplated herein.

2.14   Contested Claim:   Any Claim or interest which has been scheduled by the Debtor as contingent, unliquidated, or disputed or with respect to which an objection has been interposed in accordance with the Bankruptcy Code, Bankruptcy Rules, this Reorganization Plan or Orders of the Court.

2.15   Court: The United States Bankruptcy Court for the District of Kansas.

2.16   Creditor Committee:   Also known as the Official Unsecured Creditors' Committee or Service Provider Committee.

2.17   Creditor: A holder of a Claim.

2.18   Debtor: Rainbows United, Inc.

2.19   Disclosure Statement:   The written Disclosure Statement in respect to this Reorganization Plan.

2.20   Effective Date:   Shall be a date sixty (60) days after which the Order entered by the Court confirming the Reorganization Plan in accordance with the provisions of Chapter 11 the Bankruptcy Code becomes final and not appealable and no appeal therefrom is pending.

plan.v6

2.21  <u>Emprise Bank and its Loan Participants:</u> Emprise Bank and its Loan Participants include Emprise Bank, Equity Bank, N.A., Bank of Kansas (formerly SNB Bank of Wichita), and Bank of America.

2.22  <u>Estate</u>: The Estate of the Debtor as defined in 11 U.S.C. §541.

2.23  <u>Filing Date</u>: July 30, 2009.

2.24  <u>Final Order</u>: An Order or a judgment which has not been reversed, stayed, modified or amended and as to which (i) the time to appeal or seek review, reargument or rehearing has expired and as to which no appeal or petition for certiorari, review or rehearing is pending, or (ii) if appeal, review, reargument, rehearing or certiorari of the Order has been sought, the Order has been affirmed or the request for review, reargument, rehearing or certiorari has been denied and a time to seek a further appeal, review, reargument, rehearing or certiorari has expired as a result of which such Order shall have become final and non-appealable in accordance with applicable law.

2.25  <u>Impaired</u>:  When used with respect to any Claim, interest, or Class, it has the same meaning as that contained in §1124 of the Bankruptcy Code.

2.26  <u>Plan</u>:  Shall mean this Reorganization Plan in its present form or as it may hereafter be amended, modified, or supplemented in accordance with the terms hereof or in accordance with the Bankruptcy Code.

2.27  <u>Proceeds</u>:  Proceeds realized from the operation, sale, liquidation, settlement,

plan.v6

prosecution or other disposition, as applicable, of the assets of the Debtor's Estate.

2.28    Professional Person:  Any entity retained or to be compensated pursuant to §§326, 327, 328, 330, 331, 503(b) or 1103 of the Bankruptcy Code.

2.29    Reorganized Debtor: The Debtor after the Effective Date.

2.30    Secured Claim: The value of any Creditor's Claim determined under 11 U.S.C. §506 properly perfected and secured under state law and not subject to avoidance under 11 U.S.C. §544, 11 U.S.C. §547 or 11 U.S.C. §548 of the Bankruptcy Code. The Secured Claims are Emprise Bank and its Loan Participants.

2.31    Undetermined Claim:  A Claim is (a) a Contested Claim; (b) a Claim arising through rejection of executory contracts or unexpired leases pursuant to this Reorganization Plan; (c) an undetermined Administrative Claim in respect of an Application of a professional person; or (d) a Claim that is unliquidated or contingent.

2.32    Unsecured Claim:  An Unsecured Claim against the Debtor that is not entitled to priority pursuant to the Bankruptcy Code.

2.33    Unsecured Creditor:  Any Creditor that is the holder of an Unsecured Claim.

## ARTICLE III
## MEANS OF IMPLEMENTATION

Upon confirmation of the Reorganization Plan, the assets of the Debtor will revest in the Reorganized Debtor, free and clear of all Claims, debts, liens, security interests, and encumbrances of any kind or type, except those Claims, debts, liens, security interests, and encumbrances specifically provided for in the Plan (Emprise Bank and its Loan

plan.v6

Participants). Payments will commence sixty (60) days after the Effective Date of the Plan.

The Reorganized Debtor will hold title in the tangible assets of the Debtor, including the

furniture, fixtures, equipment, motor vehicles and real property subsequent to the Effective

Date. No preference or fraudulent conveyance actions will be brought and are expressly

waived herein due to the fact that this a one hundred percent (100%) payment plan,

satisfying in full the principal amount of any Claim the Creditor may have.

The Debtor intends to file a motion to close the bankruptcy case immediately subject

to consummation of the Debtor's Plan (first payment made under the Plan).

United States Trustee fees are required to be paid under 28 U.S.C. §1930 and shall

be paid until the closing of the case. Any distributions shall be subject to quarterly United

States Trustee fees until the closing of the case.

The Bankruptcy Court will retain jurisdiction to complete the terms of this Plan and

in the event there is any conflict or controversy concerning the implementation of this Plan.

### ARTICLE IV
### CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

**Administrative Claims:**

On the Effective Date, each Administrative Claim, that is an Allowed Claim, shall be

paid in full (with the exception of the allowed Administrative Claim of South Central in the

sum of $39,306.53, which shall be added to its allowed Unsecured Claim). A total of

$39,306.53 will be paid as an allowed administrative expense at the date of confirmation.

The remaining Administrative Claims consist of unpaid professional fees due the following

plan.v6

professionals:

      1.     Redmond & Nazar, L.L.P.

      2.     Foulston Siefkin LLP;

      3.     Kere Noel, CPA;

      4.     Bothner & Bradley;

      5.     George, Bowerman & Noel, P.A.;

      6.     Carol Houdyshell.

## Class 1 - Priority Claims:

The priority Claims shall consist of the unpaid employee business reimbursements constituting a first priority unsecured obligation. As previously noted, these priority Claims have been separately satisfied.

The second priority obligations will consist of the principal and interest Claims of the Internal Revenue Service and the Kansas Department of Revenue.  The Claim of the Kansas Department of Revenue (Claim #11) may be subject to modification and subsequent allowance to be consistent with the tax returns subsequently filed by the Debtor.  The Debtor shall pay in full the allowed priority amount of the Claim within five (5) years of the Effective Date of the Plan.  The Kansas Department of Revenue has agreed to waive any Unsecured Claim.  The Claim of the (Claim #3) in the sum of $2,419,546.60 shall be reduced by any payments made pursuant to Orders of this Court ($50,000.00) and reconciliation with the Debtor.  It shall be paid within five (5) years of the Effective Date of

plan.v6

the Plan. The Internal Revenue Service agrees and consents that its general Unsecured

Claim, which consists of the penalty to date of petition on its unsecured priority claim (with

interest thereon), will not be paid so long as the Debtor remains current on its Plan

payments. The Internal Revenue Service does not abate said penalties and expressly

reserves the right to collect the penalties owed under the general Unsecured Claim in the

event that the Debtor defaults on its Plan payments.

Additionally, this Class of Creditors includes the Sedgwick County Treasurer, Claim

#10 in the amount of $282.13.

All tax obligations will be paid within five (5) years of the Effective Date of the Plan.

Any unpaid employee reimbursals will be paid within six (6) months of the Effective Date

of the Plan.

## Class 2 - Secured Claims:

The Secured Claims consist of the Claim of Emprise Bank and its Loan Participants

in the amount of $3,859,771.96, less the proceeds of sale of the property at 340 South

Broadway and the property at 251 South Whittier. Both sales were approved by the

Bankruptcy Court. The current debt of these Creditors is $2,173,553.11, less payments

made. The debt of Emprise Bank and its Loan Participants will be amortized over thirty

(30) years with interest calculated according to the Wall Street Journal Prime Rate, plus

one percent (1%) with a five percent (5%) floor or minimum. The debt shall balloon within

five (5) years of the Effective Date of the Plan. Monthly principal and interest (5.75%)

plan.v6

payments will commence on April 1, 2010 or the Effective Date of the Plan, whichever is later. The interest rate will be adjusted annually on the Effective Date of the Plan. The estimated monthly payments (assuming 5.75% interest) is the sum of $12,950.00. In the event any real property subject to the security interest is subsequently sold, the Proceeds shall be applied to the loan balance and the remaining debt due shall be reamortized over the remaining term of the amortization period at the then current interest rate and adjusted annually thereafter on the Effective Date.

## Class 3 - South Central

This Class consists of the unpaid installment payments that may be due South Central, consisting of the $100,000.00 payment due on or about November 15, 2009, the three (3) $10,000.00 monthly payments due December 15, 2009, January 15, 2010, and February 15, 2010, and the final $20,000.00 payment due March 15, 2010. To the extent that the case is confirmed prior to this date, these payments will be made in addition to any payments required to South Central as an allowed Unsecured Claim. This installment obligation was previously approved by the Court [Docket #214]. The remainder of the Allowed Claim of South Central shall be treated as an Unsecured Claim in Class 4. The amount of the claim shall be subject to verification between the parties due to the fact that South Central may have received reimbursal from third parties.

## Class 4 - Allowed Unsecured Claims

The allowed Unsecured Claims will be paid in full in semi-annual installments in April

and November of each year, commencing at the next installment date following the

Effective Date of the Plan, over an eight (8) year period of time.  No interest will be paid

on the Unsecured Claims.   The Debtor reserves the right to treat any claim of less than

Five Hundred Dollars ($500.00) to be paid in a lump sum fashion in greater than an eight

(8) year period of time.

## ARTICLE V
## COMPENSATION OF INSIDERS

The Debtor is a not-for-profit corporation and, therefore, there are no officers or

shareholders in the entity.  To the extent required under the provisions of the Bankruptcy

Code, the following consists of the current salaries of the insiders:

| | |
|---|---|
| Hale Ritchie - Chief Restructing Officer | $        0.00 |
| Deb Voth - Chief Operating Officer | $85,215.00 |
| Kere Noel, CPA - Chief Financial Officer | $80,000.00 |

It is the intent of Mr. Ritchie to leave the Debtor shortly upon confirmation of the Plan and

selection of a new Chief Executive Officer.  Ms. Voth and Mr. Noel intend to remain with

the Debtor at salaries no less favorable than currently existing.

## ARTICLE VI
## UNEXPIRED LEASES AND EXECUTORY CONTRACTS

The Plan provides for the assumption of all executory contracts not previously

assumed or rejected, including Gorges Enterprises, LLC on the 2009 Volvo XC70.  The

lease on the 2006 Volvo was rejected.  Payments are current to Gorges Enterprises, LLC.

plan.v6

The Debtor has previously assumed in part and rejected certain leases with Image Quest as assigned to Great American Leasing Corp (Claim #31). The Debtor believes that the balance due Great American Leasing Corp is the sum of $17,196.00. The Debtor hereby assumes or has assumed the leases on three (3) Canon ir304 copiers and rejects the remainder. US Bancorp Business Equipment Finance Corp filed a Secured Claim, Claim #56, for Xerox copiers. This lease is rejected. This creditor is the assignee of Image Quest.

## ARTICLE VII
## CLASSIFICATION OF CLAIMS

Classification of Claims and the treatment of each Claim is more fully set forth above. However, generally the Debtor has attempted to classify Claims according to their specific nature.

## ARTICLE VIII
## JURISDICTION OF THE COURT

8.    Retention of Jurisdiction.

8.1    Purposes: Notwithstanding entry of the Confirmation Order, the Court shall retain jurisdiction over the Chapter 11 case for the following purposes including, but not limited to the following purposes:

8.1.1    To determine any and all objections to the allowance of Claims or interests, both before and after the Confirmation Date, including any objections to the classification of any Claim or interest. The failure by the Debtor to object to any Claim for

plan.v6

the purposes of voting, shall not be deemed to be a waiver of the Debtor's right to object to or examine the Claim and holder.

8.1.2　　To determine any and all fee applications and other applications for other fees and expenses authorized to be paid or reimbursed in accordance with the Bankruptcy Code or this Plan;

8.1.3　　To determine any and all pending applications for the assumption or rejection of executory contracts or for the rejection or assumption and assignment, as the case may be of unexpired leases to which any Debtor is a party or with respect to which it may liable;

8.1.4　　To hear and determine any actions to void or terminate unexpired contracts or leases; and to hear and determine and, if need be, to liquidate any and all Claims arising therefrom.

8.1.5　　To hear and determine any and all actions initiated by the Debtor or its counsel whether by motion, complaint or otherwise; to determine any and all questions or disputes regarding title to the assets of the Estate, and to determination of all Causes of Action, controversies, disputes, or conflicts, whether or not subject to any action pending as of the date of

plan.v6

Confirmation, between the Debtor and any other party, including, without limitation, any right of the Debtor or the Reorganized Debtor to recover assets or sell assets pursuant to the provisions of Title 11 of the United States Code.

8.1.6    To determine any and all applications, motions, adversary proceedings and contested or litigated matters whether pending before the Court on the Confirmation Date or instituted after the Confirmation Date, including, without limitation, proceedings to recover voidable or avoidable transfers, or proceedings by the Debtor.

8.1.7    To modify this Plan, the Disclosure Statement or any document created in connection with this Plan, or remedy any defect or omission or reconcile any inconsistency in any order of the Court, this Plan, the Disclosure Statement or any document created in connection with this Plan, in such manner as may be necessary to carry out the purposes and effects of this Plan to the extent authorized by the Bankruptcy Code, including any post-confirmation modification to the Plan as disclosed in the Disclosure Statement;

8.1.8    To insure that the distribution is accomplished in a accordance

plan.v6

In the United States Bankruptcy Court for the District of Kansas
IN RE: Rainbows United, Inc.
      Bankruptcy Case No. 09-12457-11
      Debtor's Reorganization Plan Dated January 29, 2010
Page 37

with the provisions of this Plan;

8.1.9        To allow, disallow, determine, liquidate, or estimate any Claim or interest and to enter or enforce any order requiring the filing of any such Claim or interest before a particular date;

8.1.10      To enter such orders as may be necessary to consummate, implement, and effectuate the operative provisions of this Plan and all documents and agreements provided for herein or therein or executed pursuant hereto or thereto including, with limitation, entering appropriate orders to protect the Debtor from Creditor action;

8.1.11      To hear any other matter not inconsistent with Chapter 11 of the Bankruptcy Code;

8.1.12      To enter and implement such orders as may be appropriate in the event the Confirmation Order is for any reason, stayed, reversed, revoked or vacated.

8.1.13      To determine such other matters as may arise in connection with this Plan, the Disclosure Statement or the Confirmation Order;

8.1.14      To enter an order enforcing the injunction entered by this Court at Confirmation of this Reorganized Plan, to enter any order

plan.v6

separately or in conjunction with any other of confirmation of this Reorganization Plan discharging the Debtor from any Claim or debt and enjoining any action from proceeding or being pursued against the Debtor, except as required by the Debtor under the terms of this Reorganization Plan.

8.1.15    To enter a Final Decree closing the Chapter 11 case.

8.2    Exclusive Jurisdiction:  The Court shall have exclusive jurisdiction to resolve all controversies, suits, and disputes that may arise in connection with the interpretation, enforcement, consummation, implementation or administration of this Plan and the Disclosure Statement and all entities shall be enjoined from commencing any legal or equitable action or proceeding with respect to such matters in any other Court administrative or regulatory body.

8.3    Abstention:  If the Court abstains from exercising jurisdiction or is otherwise without jurisdiction over any matter arising out of the Chapter 11 case, this Article XIII shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other Court having competent jurisdiction with respect to such matter.

## ARTICLE IX
## RESOLUTION OF UNDETERMINED CLAIMS

9.    Resolution of Undetermined Claims.

9.1    Procedure:  Within ninety (90) days after the Effective Date unless such date

plan.v6

is extended by order of the Court after notice and hearing from the date the

Confirmation Order becomes final, either the Debtor shall file with the Court

objections to Claims and interests and shall serve a copy of each such

objection upon the holder of the Claim or interest to which such objection

pertains unless otherwise ordered by the Court, the Debtor shall litigate to

judgment, settle or withdraw objections to Contested Claims.

9.2    <u>Allowance of Claims:</u>  At the time, and to the extent that an Undetermined

Claim becomes an Allowed Claim, such Allowed Claim shall be entitled to all

distributions from the fund applicable to such Claim or interest.  Such

distributions shall be made in the manner provided for by this Plan and the

terms of any Final Order of the Court with respect to such Claim or interest.

9.3    <u>Rights of Creditors:</u>  Unless and until an undetermined Claim becomes an

Allowed Claim, no Creditor holding such a Claim shall have any Claim

against the distribution held or reserved by the Debtor with respect to such

Claim.

**ARTICLE X**
**GENERAL PROVISIONS**

10.    <u>General Provisions</u>.

10.1   <u>Certain Rights Unaffected:</u>  This Plan shall not affect or impair any rights or

obligation which the Debtor's Creditors may have among themselves as to

their respective Claims or the relative priority or subordination thereof or the

plan.v6

right to proceed against guarantors or co-debtors of the Debtor.

10.2    Governing Law: Except to the extent that the Bankruptcy Code is applicable, the rights and obligations arising under this Plan and any documents, agreements, and instruments executed in connection with this Plan (except to the extent such documents, agreements and instruments designate otherwise) shall be governed by and construed and enforced in accordance with the laws of the State of Kansas.

10.3    Environmental Claims: The Debtor is not aware of any liabilities, Claims or obligations due and owing to the Environmental Protection Agency or to the Kansas Department of Health and Environment. Unless any such Claims by any of the above and foregoing agencies or governmental organizations have been filed on or before the bar date and/or administrative bar date, whichever is applicable, and subsequently allowed, such entities shall be forever barred from participation in the distribution of any dividends in this proceeding.

10.4    Tax Claims: Neither the Debtor, nor its professionals, have undertaken an analysis of the tax results on these Plan provisions and the impact upon the Debtor or Creditor. Due to the fact that this is a not-for-profit corporation, title to status under Section 501(c)(3) of the Internal Revenue Code, the Debtor is not generally taxed upon income tax obligations.

plan.v6

RAINBOWS UNITED, INC.


 /s/Hale Ritchie
Hale Ritchie, Chief Restructuring Officer



 /s/Steve Cox
Steve Cox, Chairman of the Board of Directors



RESPECTFULLY SUBMITTED:

REDMOND & NAZAR, L.L.P.


/s/ Edward J. Nazar
Edward J. Nazar, #09845
Attorney for Debtor
245 North Waco, Suite 402
Wichita, KS 67202-1117
316-262-8361 / 316-263-0610 fax
ebn1@redmondnazar.com


plan.v6