**SO ORDERED.**

**SIGNED this 29 day of March, 2010.**



_____
**ROBERT E. NUGENT**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

Redmond & Nazar, L.L.P.
245 North Waco, Suite 402
Wichita, Kansas 67202-1117
316-262-8361

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RAINBOWS UNITED, INC. | ) | Case No. 09-12457 |
| | ) | Chapter 11 |
| <u>Debtor-in-Possession</u> | ) | |

### ORDER CONFIRMING REORGANIZATION PLAN AND
### PROVIDING AMENDMENTS TO ALLOW CERTAIN CLAIMS

This matter comes on for hearing on the Debtor's Reorganization Plan Dated January 29, 2010. The debtor, Rainbows United, Inc., appears by and through its counsel, Edward J. Nazar of Redmond & Nazar, L.L.P. Emprise Bank appears by and through its counsel, Karl R. Swartz of Morris, Laing, Evans, Brock & Kennedy, Chtd. The United States of America Internal Revenue Service appears by and through its attorney Brian Sheern, Assistant United States Attorney. William F. Schantz additionally appears for the United States Trustee. Other appearances are as set forth in the record.

In the United States Bankruptcy Court for the District of Kansas
IN RE: Rainbows United, Inc.
Bankruptcy Case No. 09-12457-11
Order Confirming Reorganization Plan and Providing Amendments to Allow Certain Claims
Page 2

Rainbows United, Inc., debtor-in-possession of the above-captioned Chapter 11 bankruptcy case (the "Debtor"), has proposed and filed its Reorganization Plan Dated January 29, 2010 (the "Plan") under Chapter 11 of Title 11 of the United States Bankruptcy Code (the "Bankruptcy Code").

An amendment to the Plan was filed by the Debtor on or about February 25, 2010, providing for an amendment concerning the election of Deb Voth as Chief Executive Officer and Chief Operating Officer effective March 1, 2010. The amendment also provided that Hale Ritchie, who served as Chief Restructuring Officer, ceased his duties on or about February 28/March 1, 2010. As a result, page 22 of the Disclosure Statement Dated January 29, 2010 was amended and page 33 of the Plan was amended. No other material elements of the Plan treatment have changed.

The Disclosure Statement Dated January 29, 2010 with respect to the Plan containing "adequate information" (as such term is defined in §1125 of the Bankruptcy Code). The Disclosure Statement and Plan were transmitted to all creditors and other parties in interest, and the United States Trustee. A hearing to consider the Debtor's request for confirmation of the Plan was held by the Court on March 24, 2010. The Court, having considered the Plan and the announcements made by counsel at the confirmation hearing and a record of the hearing based on the considerations and after due deliberation, the Court makes the following findings of fact and conclusions of law and issues the following order under Section 1129 of the Bankruptcy Code. The Court notes that no formal objections have been filed to the Plan.

1. **Findings and Conclusions**. The findings and conclusions set forth herein and the record of the hearing constitute the Bankruptcy Court's findings of fact and conclusion of law pursuant

In the United States Bankruptcy Court for the District of Kansas
IN RE: Rainbows United, Inc.
Bankruptcy Case No. 09-12457-11
Order Confirming Reorganization Plan and Providing Amendments to Allow Certain Claims
Page 3

to Rule 52 of the Federal Rules of Civil Procedure, as made applicable herein by Bankruptcy Rule 7052 and Rule 9014 to the extent the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

2. **Notice**. In accordance with the Solicitation Order, any person or entity required to receive notice of the hearing to consider confirmation of the Plan has received due and proper adequate notice thereof. All parties in interest have had the opportunity to appear and to be heard at the hearing.

3. **Bankruptcy Code and Proponent Compliance of Section 1129(a) and Section 1129(a)(2) of the Bankruptcy Code**. The Plan and the Debtor have complied with the applicable provisions of the Bankruptcy Code, including, without limitation Sections 1122, 1123, 1125, and 1126 thereof.

4. **Proposed in Good Faith - Section 1129(a)(3) of the Bankruptcy Code**. The Plan has been proposed in good faith and not by any means forbidden by law. The Debtor: a) has advised counsel of its own choosing in the formation of the Plan, and b) the negotiation, execution and delivery of the Plan, the Disclosure Statement, and all other documents relating thereto all to be executed in conjunction with the Plan. Therefore, the Plan satisfies Section 1129(a)(3) of the Bankruptcy Code.

5. **Payments - Section 1129(a)(4) of the Bankruptcy Code**. Any payments made or to be made by the Debtor in connection with the Plan have been and hereby are approved by the

In the United States Bankruptcy Court for the District of Kansas
IN RE: Rainbows United, Inc.
Bankruptcy Case No. 09-12457-11
Order Confirming Reorganization Plan and Providing Amendments to Allow Certain Claims
Page 4

Court as reasonable. Therefore, the Plan satisfies the elements of Section 1129(a)(4) of the Bankruptcy Code.

6. **Section 1129(a)(5) and Section 1129(s)(6) of the Bankruptcy Code**. The Debtor has complied with and satisfied the requirements of Section 1129(a)(5) and Section 1129(a)(6) of the Bankruptcy Code.

7. **Best Interest of the Creditor - Section 1129(a)(7) of the Bankruptcy Code**. With respect to each impaired class of Claims, each holder of a Claim of such class has accepted the Plan or will receive or retain under the Plan on account of such Claim property of the value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtor was liquidated under Chapter 7 of the Bankruptcy Code. No holder of a secured claim has made an election under Section 1111(b)(2) of the Bankruptcy Code. Therefore, the Plan satisfies Section 1129(a)(7) of the Bankruptcy Code.

8. **Treatment of Priority Claims - Section 1129(a)(9) of the Bankruptcy Code**. Except to the extent that the holder of a particular has agreed otherwise, the Plan provides, and the holders of such Claims have agreed:

    (a)    with respect to a Claim of a kind specified in Section 507(a)(2) of the Bankruptcy Code, on the Effective Date the holder of each such Claim will receive on account of such Claim cash equal to the allowed amount of such Claim; and

    (b)    with respect to Claims of a kind specified in Section 507(a)(8) of the

In the United States Bankruptcy Court for the District of Kansas
IN RE: Rainbows United, Inc.
Bankruptcy Case No. 09-12457-11
Order Confirming Reorganization Plan and Providing Amendments to Allow Certain Claims
Page 5

>>Bankruptcy Code, the holder of each such Claim will receive on account of such Claim either: (i) cash equal to the allowed amount of such Claim on or before the Effective Date, or (ii) deferred cash payments over a period not exceeding five (5) years of a value as of the Effective Date equal to the allowed amount of such Claim.

Therefore, the Plan satisfies Section 1129(a)(9) of the Bankruptcy Code.

The claim of the Internal Revenue Service (Claim #3) in the sum of $2,363,077.92 shall be paid in full within five (5) years of the effective date of the Plan with statutory interest at the rate of four percent (4%). The Internal Revenue Service agrees and consents that its general unsecured claim, which consists of the penalty to date of petition on its unsecured priority claim, will not be paid so long as the Debtor remains current on its Plan payments. The Internal Revenue Service does not abate said penalties and expressly reserves the right to collect its penalties owed under the general unsecured claim in the event that the Debtor defaults on its Plan payments. In the event that the Debtor successfully completes its Plan payments in accordance with the terms of the Reorganization Plan, the penalty portion of the Internal Revenue Service claim, which is treated as an unsecured claim, will be waived and deemed satisfied.

9. **Opportunity to Vote; Acceptance Impaired Class - Section 1129(a)(8) and Section 1129(a)(10) of the Bankruptcy Code**. All holders of Claims and equity interest impaired under the Plan have been given adequate opportunity to vote to accept or reject the Plan. The

In the United States Bankruptcy Court for the District of Kansas
IN RE: Rainbows United, Inc.
Bankruptcy Case No. 09-12457-11
Order Confirming Reorganization Plan and Providing Amendments to Allow Certain Claims
Page 6

non-insider holders of allowed Claims in at least one (1) impaired class have voted to accept the Plan within the requirements of Section 1126(c) of the Bankruptcy Code. A total of twenty-six (26) ballots have been cast in the case, twenty-five (25) for acceptance and one (1) for rejection of the Plan.

- Class 1 - Priority Claims consisting of the Internal Revenue Service voted to accept the Plan.

- Class 2 - Secured Claims consisting of Emprise Bank and its Loan Participants has not balloted.

- Class 3 - South Central Education Service Center voted to accept the Plan.

- Class 4 - Allowed Unsecured Claims a total of twenty-two (22) timely ballots have been cast, twenty-one (21) accepting, one (1) rejecting.

- A late-filed ballot was also cast accepting the Plan.

The dollar amount of accepting creditors was ninety-nine percent (99%). The percentage accepting by number of creditors was ninety-five percent (95%). Therefore, as demonstrated by the voting summary, Class 1, Class 3 and Class 4 under the Plan have accepted the Plan, which satisfies the provisions of 11 U.S.C. §1129(a)(8) of the Bankruptcy Code as to these classes. However, since Class 2 - Secured Claims (consisting of Emprise Bank and its Loan Participants) has not voted to either accept or reject the Plan, a Motion for Cramdown is necessary under 11 U.S.C. §1129(b). The Court, after hearing the proffer offered by Debtor's counsel and/or the testimony enunciated at the hearing finds that:

In the United States Bankruptcy Court for the District of Kansas
IN RE: Rainbows United, Inc.
Bankruptcy Case No. 09-12457-11
Order Confirming Reorganization Plan and Providing Amendments to Allow Certain Claims
Page 7

"notwithstanding the fact that not all classes of creditors have voted to accept the Plan or are unimpaired, the Court does hereby confirm the Plan because the Plan:

    a)    does not discriminate unfairly against any class of creditors;

    b)    is fair and equitable with respect to each class of creditors that is impaired and has not accepted the Plan."

In specific respect to Emprise Bank and its Loan Participants, the Court finds that Emprise Bank and its Loan Participants retain their liens securing such claims in the Reorganized Debtor and that Emprise Bank and its Loan Participants shall receive on account of their allowed secured claim deferred cash payments that total the allowed amount of such claim which satisfies in full (together with an appropriate rate of interest) the value of the interest of Emprise Bank in the real property of the Debtor securing such interest. As a result, such holders realize the "indubitable equivalent of such claim."

10. **Feasibility - Section 1129(a)(11) of the Bankruptcy Code**. Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtor. Therefore, the Plan satisfies Section 1129(a)(11) of the Bankruptcy Code.

11. **Payment of Fees - Section 1129(a)(12) of the Bankruptcy Code**. All fees payable under 28 U.S.C. §1930 have been paid or the Plan provides for the payment of all such fees, including any necessary United States Trustee fees that are unpaid as of the date of confirmation. Therefore, the Plan satisfies Section 1129(a)(12) of the Bankruptcy Code.

In the United States Bankruptcy Court for the District of Kansas
IN RE: Rainbows United, Inc.
Bankruptcy Case No. 09-12457-11
Order Confirming Reorganization Plan and Providing Amendments to Allow Certain Claims
Page 8

12. **Sections 1129(c) and 1129(d) of the Bankruptcy Code are Inapplicable**. Additionally, since only one Plan was filed in the case, 11 U.S.C. §1129(c) is inapplicable. The Debtor submits, and the Court finds, that the principal purpose of the Plan was not the avoidance of taxes or the avoidance of the application of Section Five Securities Act of 1933, and since no party has requested relief pursuant to 11 U.S.C. §1129(d), the statute is inapplicable.

13. **Good Faith and Solicitation**. The solicitation of acceptance by the Plan was in good faith.

14. **Binding on Proponents and Holders**. The Debtor and all holders of Claims in interest are bound by the Plan within the meaning of 11 U.S.C. §1141 of the Bankruptcy Code.

15. **Fair and Equitable**. The Plan is fair and equitable to all parties in interest, including, without limitation, the Debtor, all unsecured creditors and all secured creditors.

BASED ON THE FOREGOING, THE STATEMENT OF COUNSEL AND THE FINDINGS OF FACT AND CONCLUSIONS OF LAW, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

16. **Confirmation**. The Debtor's Reorganization Plan Dated January 29, 2010, which is incorporated by reference herein, is confirmed.

17. **Plan Obligations**. Nothing in this order or the Plan shall operate as a discharge of the Debtor from claims, obligations or liabilities to be paid or performed under the Plan and the documents to be executed in conjunction therewith. The Plan as confirmed, however, discharges the Debtor from any debt that arose before the date of such confirmation to be paid or performed under the Plan. By reason of this confirmation, the real and personal

In the United States Bankruptcy Court for the District of Kansas
IN RE:  Rainbows United, Inc.
          Bankruptcy Case No. 09-12457-11
          Order Confirming Reorganization Plan and Providing Amendments to Allow Certain Claims
Page 9

property of the Debtor is free and clear of claims and interest of creditors, except as to the mortgage liens of Emprise Bank and its Loan Participants on the remaining real property of the Debtor.

18. **Binding Order**.  The provisions of the Plan are binding on the Debtor and all creditors of the Debtor, holders of equity interest and any parties in interest, as well as their respective heirs, successors, assigns, trustees, subsidiaries, affiliates, officers, directors, agents, employees, representatives, attorneys, beneficiaries, guardians, and similar officers, and any person claiming through or in any right of any such persons.  This confirmed Plan shall bind the Debtor and any creditor, whether secured or unsecured that is impaired under the Plan, and shall upon confirmation vest all property of the estate in the Debtor.  All creditors and parties in interest are hereby enjoined from: 1) the commencement or continuation or issuance of employments of process of a judicial administrative or other action or proceeding against the Debtor; 2) the enforcement against the Debtor or against property of the Debtor of a judgment obtained before the commencement of the bankruptcy case; 3) any act to obtain possession of the property of the estate or property from the estate or to exercise control property of the estate; 4) any act to create, perfect or enforce any lien against property of the estate; 5) any act to create, perfect or enforce against property of the Debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case; 6) any act to collect, assess or recover a claim against the Debtor that arose before the commencement of the bankruptcy case; 7) the setoff of any debt owing to the Debtor that

In the United States Bankruptcy Court for the District of Kansas
IN RE: Rainbows United, Inc.
Bankruptcy Case No. 09-12457-11
Order Confirming Reorganization Plan and Providing Amendments to Allow Certain Claims
Page 10

arose before the commencement of the case. Nothing herein, however, enjoins any creditor or party in interest from the post-confirmation enforcement of the terms and conditions of the Plan.

19. **Acceptance of Documents**. Without any manner of limiting the relief granted pursuant to the proceeding paragraph, each and every federal, state and local governmental agency or department or similar units are hereby directed to accept any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Plan, including, but without limitation documents and instruments for recording in: (i) county recording offices or register of deed offices necessary to transfer title to or record or continue liens and encumbrances against real estate, and (ii) county and state offices wherein financing or termination statements under the Uniform Commercial Code are authorized to be filed.

20. **Jurisdiction**. The Court shall retain jurisdiction over the Chapter 11 case to the extent and the situation as provided for in the Plan, including, the exclusive jurisdiction to resolve all controversy, suits and disputes that may arise in connection with the interpretation, enforcement, consummation, implementation or administration of the Plan and the accompanying Disclosure Statement.

21. **Effective Reference to Plan in this Order**. The failure to reference or discuss any particular provisions of the Plan, this order shall have no effect on the validity, binding effect, and enforceability of such provision, and each provision of the Plan and the term sheet

In the United States Bankruptcy Court for the District of Kansas
IN RE: Rainbows United, Inc.
Bankruptcy Case No. 09-12457-11
Order Confirming Reorganization Plan and Providing Amendments to Allow Certain Claims
Page 11

shall have the same validity, binding effect, and enforceability as fully set forth in this order.

22. **Integration or Confirmation of Order Provisions**. The provisions of this order are integrated with each other and are non-severally and mutually dependent. This order incorporates by reference all terms and conditions of the Debtor's Disclosure Statement Dated January 29, 2010 and the Plan that are not otherwise inconsistent (except as modified by the specific statements pertaining to the allowance of the claims of Benith MacPherson, Matrix Media and the specific language concerning the deferral, waiver and satisfaction of the unsecured claim of the Internal Revenue Service in the event that the Debtor timely pays the priority portion of the claim of the Internal Revenue Service).

23. **Announcements Made in Court and Amendments to Plan as Approved by the Court.** Notwithstanding any statements contained in the Debtor's Plan, the Debtor intends to reject any alleged written elevator maintenance agreement with KONE, Inc., which will be done under a separate motion.

　　In addition, the Debtor shall reject the late-filed claim of US Bancorp Business Equipment Finance Group (Claim #56) in the sum of $42,829.93 as a secured creditor. The Debtor's Plan sets forth the rejection of any alleged lease agreement.

　　Additionally, the Debtor intends to allow the following claims:

- Benith MacPherson (Claim #55) in the sum of $2,913.00
- Matrix Media, Inc. (Claim #54) in the sum of $3,075.00;
- EH Technical Solutions (Claim #60) in the sum of $8,802.90

In the United States Bankruptcy Court for the District of Kansas
IN RE: Rainbows United, Inc.
   Bankruptcy Case No. 09-12457-11
   Order Confirming Reorganization Plan and Providing Amendments to Allow Certain Claims
Page 12

(although late-filed).

The Debtor objects to the claim of Superior Computer Supply in the amount of $1,427.17 and will treat Superior Computer Supply in the sum of $975.02 pursuant to the Plan treatment set forth in the Debtor's Plan.

24. **Final Order**.  This order is a final order and appear to which an appeal must be filed and shall commence immediately upon the entry hereof.  Notwithstanding Bankruptcy Rule 3020(e), this order shall be effective and enforceable immediately upon the entry hereof.

IT IS SO ORDERED.

# # #

APPROVED BY:

REDMOND & NAZAR, L.L.P.


 /s/Edward J. Nazar
Edward J. Nazar, #09845
Attorney for Debtor
245 North Waco, Suite 402
Wichita, KS 67202-1117
316-262-8361 / 316-263-0610 fax
ebn1@redmondnazar.com

MORRIS, LAING, EVANS, BROCK & KENNEDY, CHTD.


 /s/Karl R. Swartz
Karl R. Swartz, #12532
Attorney for Emprise Bank
300 North Mead, Suite 200
Wichita, KS 67202-2745
316-262-2671 / 316-262-6226 fax
kswartz@morrislaing.com

In the United States Bankruptcy Court for the District of Kansas
IN RE: Rainbows United, Inc.
Bankruptcy Case No. 09-12457-11
Order Confirming Reorganization Plan and Providing Amendments to Allow Certain Claims
Page 13

LANNY D. WELCH
United States Attorney


/s/Brian Sheern
Brian Sheern, #21479
Assistant United States Attorney
1200 EPIC Center, 301 North Main
Wichita, KS 67202
316-269-6481 / 316-269-6484 fax
brian.sheern@usdoj.gov


UNITED STATES TRUSTEE


/s/William Schantz
William Schantz, #12334
Attorney for United States Trustee
301 North Main, Suite 1150
Wichita, KS 67202
316-269-6214 / 316-269-6182 fax
william.schantz@usdoj.gov